JOHN H. WILLIS, PLAINTIFF IN ERROR, v. WILLIAM D. FERNALD, DEFENDANT IN ERROR.

1. The plaintiff in assumpsit having declared upon the common counts, with a bill of particulars disclosing a special contract in writing between the parties, wherein the defendant promised to pay to the plaintiff the sum of three thousand dollars, through the hands of a third party, upon certain provisions and conditions set forth in the said writing; and the defendant having pleaded the general issue, with notice of set-off, and a bill of particulars of such set-off, in which he

Willis v. Fernald.

not only refers to the written contract, but founds upon it a considerable part of his claim of set-off—he is precluded from objecting to its admission in evidence, on the ground that it should have been specially declared on, and could not be received under the common counts.

2. If the objection was technically valid, the plaintiff would have been permitted to amend his declaration by adding a special count upon the written agreement; and what the court below might have done to prevent the failure of justice, this court will, under the statute, consider as done—the case having been tried on both sides with special reference to the agreement.

3. Evidence given not to contradict or vary the terms of a written agreement, but simply to explain how it was to be carried out, is lawful.

4. A party cannot assign error upon a ruling of the court, which, if erroneous, was in his own favor.

Error to Circuit Court of Hudson county.

On the trial of this cause, in the court below, a verdict was given for the plaintiff. Several exceptions were taken to the rulings and charge of the judge, and the case was brought to this court by writ of error.

The facts, as they appeared in evidence, and the points excepted to, are so fully given in the opinion of the court as to render any further reference to them unnecessary.

Argued before the CHIEF JUSTICE, and Justices ELMER, VREDENBURGH, and WOODHULL.

For the plaintiff in error, *S. B. Ransom.*

For the defendant in error, *J. Dixon, Jr.*

The opinion of the court was delivered by

WOODHULL, J. This case comes up by writ of error to the Hudson Circuit. The action was commenced there by writ of attachment, returnable October 27th, 1864. The defendant appeared, and accepted a declaration containing the general counts for goods sold and delivered; for goods bargained and sold; for work, labor, and materials; the money counts; for interest, and on an account stated. The

plaintiff's bill of particulars shows that the action was brought to recover a balance of three thousand dollars, claimed to be due on purchase of a vessel called the Richard Doane, by defendant from plaintiff, May 5th, 1864, and on the following note, viz. :

"$3000.                    NEW YORK, May 5th, 1864.

"Sixty days after date, I promise to pay William D. Fernald, through the hands of D. B. Wing, three thousand dollars, for value received, provided that all debts and liabilities against the steam propeller Richard Doane, until May 1st, shall be paid and canceled ; and it is hereby understood and agreed, that this bond shall remain and be a lien upon the one-half share of said steam propeller Richard Doane, bought this day of said William D. Fernald.

"Dated Dec.                    JOHN H. WILLIS."

The pleas were, non-assumpsit and payment, with notice of set-off.

The bill of particulars of defendant's set-off, omitting items, is as follows, viz. : " To the amount of the following bills for repairs, supplies, stores, &c., furnished by the following named parties to the steam propeller Richard Doane, while she was owned by the plaintiff, and which were liens upon the said vessel when she was sold by the plaintiff to the defendant on the 5th of May, 1864, and which the said plaintiff, by the said sale of said vessel, agreed to pay off and cancel, but which he has not done, &c.,                    $287.57

The following account due from plaintiff to defendant, viz. :                    618.62
                                            ———
                                            $906.19."

The cause was tried at the October Term, 1866, and a verdict for the plaintiff rendered for two thousand eight hundred and eighty-eight dollars and forty-six cents damages, on which final judgment has been entered.

It appears from the testimony in the cause, that the vessel in question was built in 1863, partly from the wreck of a propeller called the D. E. Crary ; that Fernald, at that time,

Willis v. Fernald.

or soon after, owned one-half of her, and continued to do so until he sold to Willis; that Willis bought or contracted for the other half, April 7th, 1864; and that he and Fernald owned the vessel together in equal shares from that time to May 5th, 1864, when Willis, by virtue of a bill of sale from Fernald, became sole owner. It appears, further, that at the time of this sale there were still outstanding certain bills for repairs, supplies, &c., contracted in part while Fernald and Willis were running the vessel together, and in part before Willis became an owner.

1. The first error relied on for the reversal of the judgment in this case is, that the judge who presided at the trial below admitted in evidence the agreement or note given by Willis to Fernald, May 5th, 1864.

It is insisted, on the part of the plaintiff in error, that this instrument, not being a promissory note, but a special contract, should have been declared on specially as such, and could not be properly received in evidence under the pleadings as they stand.

An answer to this objection appears to me to be furnished by the position in which the defendant has placed himself with respect to the instrument objected to. In his bill of particulars, he not only refers to it, but evidently founds upon it a considerable part of his claim of set off. And having thus recognized it, and made it a part of his own case, he had precluded himself, I think, from objecting to its admission when offered in evidence by the plaintiff. But admitting, for the sake of the argument, that the instrument in question, was technically inadmissible under the common counts, and that the defendant was entitled to object to it, as he did, the court below would, no doubt, have permitted the plaintiff to amend his declaration at the trial, by adding a special count on the note or agreement. And whatever the court below might have done in this respect, if the application to amend had been made there, this court may unquestionably do now or may consider it already done. The omission of a special count in the declaration, supposing such

a count to be necessary in this case, is precisely such a defect and error as either the court below, or this court, is authorized by our practice act to amend, in order to prevent the failure of justice. This cause has been tried on both sides, with special reference to the agreement. It is manifest that the merits cannot be determined without reference to that instrument. If not properly in evidence, therefore, under the pleadings as they stand, an amendment in the language of our act, is "necessary, for the purpose of determining, in the existing suit, the real question in controversy between the parties," and such amendment we are not only authorized but required to make.

2. The second matter assigned for error is, that the court refused to entertain a motion to nonsuit the plaintiff. The ground of this motion appears to have been, that by the agreement of May 5th, 1864, payment of the debts and liabilities against the vessel is a condition precedent, the performance of which, by the plaintiff, must be averred and proved by him; and that as it appeared from his own evidence that there were debts and liabilities against the vessel still outstanding, the plaintiff could not recover in this suit. Admitting the defendant's construction of the agreement to be the true one, there would seem to be no escape from this conclusion.

But, taking the language of the instrument in connection with the testimony of Wing, as brought out by the defendant on cross-examination, it seems highly probable, if not entirely clear, that the three thousand dollars called for by the agreement, was to go into the hands of Wing for the very purpose of paying and canceling the debts and liabilities against the vessel. It was, by the terms of the agreement, to pass through the hands of Wing for some purpose; and he explains very clearly what that purpose was. He says: "Mr. Willis desired to have them paid off, and the proposition was to have the money paid to me, and I should pay all the debts; that is why my name is in the note." And afterwards, in reply to a question in chief, he said, "I was to pay

Willis v. Fernald.

the bills, and the balance to pay to Fernald." This evidence had been given before the motion to non-suit was made. It disclosed a fact in regard to which the instrument itself was entirely silent. Its effect was not to contradict or vary the terms of the written agreement, but simply to explain how it was to be carried out. If true, it showed, conclusively, that if the debts, &c., had not been paid and canceled, the fault was with the defendant himself, and not with the plaintiff. There can be no doubt, I think, that, viewed in the light of Wing's testimony, the refusal to non-suit was right.

3. It is insisted that the court erred in rejecting certified copies of two affidavits made by Fisher, the builder of the Richard Doane, in November, 1863, and filed in the New York custom house. One of the grounds of defence was fraud, on the part of the plaintiff, in representing the propeller to be a new boat, when it had, in fact, been built partly from the wreck of another—the D. E. Crary. The affidavits in question were offered in support of this allegation of fraud. But it is not easy to discover how affidavits, made by Fisher in 1863, could prove, or tend to prove, anything as to the good or bad faith of Fernald in the sale made by him six months afterwards. It does not appear that the plaintiff had any knowledge of their contents, or was in any way connected with or responsible for them. It does appear, from the testimony of Willis, that he himself never, in fact, saw them, or knew anything of them, until after the sale was consummated. If material at all to the issue, they were, clearly, not competent evidence against Fernald. But supposing them to have been both material and competent, and that the court erred in rejecting them, I would not be willing, on that ground alone, to disturb the judgment in this case. For, admitting all that was attempted to be proved in regard to fraud, and that the plaintiff could recover nothing more than the actual value of what he sold, still it is abundantly evident from the testimony, that the defendant agreed to pay very little, if anything, beyond the actual market value of the share conveyed to him by the plaintiff.

Five witnesses testify as to the value of the vessel—two on the part of the defendant, and three on the other side. Taking the average of their estimates, the market value of Fernald's share was five thousand eight hundred and fifty dollars. Leaving out of view the estimate of the defendant's second witness on this point, which differs very widely from all the rest, the value would be seven thousand dollars.

Another objection, relied on by the defendants, was as to that part of the judge's charge in which he instructed the jury that "if there were no liens against the vessel up to May 1st, 1864, then the plaintiff can recover, subject to a reduction of one-half of all the debts and liabilities contracted on account of the vessel while Willis and Fernald were joint owners, whether actually paid by Willis or not." On the part of the defendant, it is insisted that the jury should have been directed to deduct from the amount demanded by the plaintiff, all claims, no matter when or by whom contracted, on account of the vessel. Whether or not the judge erred in this part of his charge, depends upon the true construction of the note or agreement of May 5th. The language is, "provided that all debts and liabilities against the steam propeller Richard Doane, until May 1st, shall be paid and canceled." These words would seem naturally to suggest, if they do not import, that the debts, &c., intended, were such only as were strictly against the vessel—such as might be enforced against it by way of lien. All these the judge instructed the jury to allow, and, in addition to them, one-half of all claims contracted on account of the vessel, between April 7th and May 1st, 1864, whether liens or not. If there was error in this, it was in allowing the defendant more than by the terms of his agreement he was entitled to. The error, if any, was in his favor, and he cannot complain. Exceptions were taken to other parts of the judge's charge, but they will be found to have been, in effect, disposed of in what has been already said. Upon a careful consideration of the whole case, I am satisfied that substantial justice between the parties will be secured by the judgment as it

stands; that in the record and proceedings, there has been no error of which the defendant has a right to complain; and that the judgment should, therefore, be affirmed.

Judgment affirmed.